### STATE of Rhode Island DEPARTMENT OF CORRECTIONS

### v.

### RHODE ISLAND BROTHERHOOD OF CORRECTIONAL OFFICERS.

No. 97–641–Appeal.

Supreme Court of Rhode Island.

Feb. 10, 1999.

Ellen Evans Alexander, for plaintiff.

Gerard P. Cobleigh, Warwick, for defendant.

Present WEISBERGER, C.J.,
LEDERBERG, BOURCIER, FLANDERS,
and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on December 15, 1998, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Rhode Island Department of Corrections (department), employed Jeanne Riel (Riel) as a correctional officer in November 1990. At the time of her application, Riel informed the department that she had been previously convicted of driving under the influence of alcohol. In October 1994, while still employed by the department, Riel was arrested in Massachusetts for the misdemeanor offense of driving under the influence of alcohol. In July 1995, a court sentenced Riel to serve six months at the Longwood Treatment Center in Boston, Massachusetts. The department's code of ethics requires its employees to provide prompt written notification of an arrest by law enforcement authorities. The code of ethics further states that a conviction for a criminal offense is grounds for discipline. Riel, however, failed to give the department notice of her October 1994 arrest until after her July 1995 conviction. As a result, the department terminated her employment.

The department and the defendant, Riel's union, the Rhode Island Brotherhood of Correctional Officers, participated thereafter in an arbitration hearing to determine whether the department terminated Riel for just cause. The arbitrator determined that the department did not terminate Riel for just cause. The arbitrator reasoned that Riel's commission of the crime and her failure to notify the department as required by the code of ethics constituted misconduct, but did not rise to the level of just cause for termination. Moreover, the arbitrator, while conceding that the department had a legitimate interest in insuring that its correctional officers do not engage in off-duty misconduct, which threatens their ability to maintain credible control of inmates, ruled that off-duty criminal activity, standing alone, was not connected sufficiently to Riel's ability to control the inmate population or to work with her fellow prison guards. Consequently, the arbitrator ordered her reinstated as a correctional officer with back-pay and restored benefits except for a thirty-day period of suspension.

The department then filed a motion to vacate the arbitration award in the Superior Court. The trial justice determined that the arbitrator exceeded his powers in reinstating Riel. The trial justice, relying on this Court's opinions in *Vose v. Rhode Island Brotherhood of Correctional Officers*, 587 A.2d 913 (R.I.1991), and *State Department of Mental Health, Retardation, and Hospitals v. Rhode Island Council 94*, 692 A.2d 318 (R.I.1997), concluded that "[i]t is the director, not the [defendant], and surely not the arbitrator who must answer under the statute [G.L. 1956 § 42–56–10] for the consequences of a previously convicted and incarcerated officer filling a security post at the adult correctional institutions." We agree.

Recently, in *State Department of Children, Youth and Families v. Rhode Island Council 94*, 713 A.2d 1250 (R.I.1998) (*Council 94*), we held that an arbitrator exceeded his powers when he determined that the Department of Children, Youth, and Families (DCYF) lacked just cause to dismiss an employee who had been convicted of committing crimes of violence. In that case, DCYF retained the employee as a youth home-life supervisor at the training school. *Id.* at 1252. While in the employ of DCYF, the employee sustained convictions for domestic assault, simple assault, and issuing a fraudulent check. *Id.* at 1251. DCYF terminated the employee based upon those convictions but an arbitrator later concluded that DCYF terminated the employee without just cause and reinstated him. *Id.* at 1253.

On appeal, we observed that the collective bargaining agreement (CBA) between the parties gave DCYF the right to demote, discharge, or take other disciplinary actions against employees. *Id.* at 1257. While such disciplinary action may be imposed only for just cause, pursuant to the CBA, we held that the employee's assault convictions may be considered as just cause for termination. *Id.* at 1258. We concluded that the arbitrator exceeded his powers by substituting his judgment for that of the director of the DCYF in regard to the choice of sanction for the employee's conviction for violent crimes. *Id.* at 1259.

In the instant case, Riel was found guilty of driving while intoxicated. Riel concealed her arrest and conviction from the department, thereby violating the department's code of ethics. The CBA between the parties contains a provision similar to that in *Council 94*, granting the employer the right to suspend, demote, discharge, or take other disciplinary action against employees. The agreement also contains a similar just cause provision. Additionally, the director of the Department of Corrections, like the director in *Council 94*, is given broad powers by the Legislature and is charged with the responsibility to administer the department effectively. *See* G.L.1956 § 42–56–1(b) and § 42–56–10(2).

■ The arbitrator in the present case found no just cause for Riel's termination, but concluded that the employee should be suspended for a period of thirty days as a result of her conduct. This determination indicates that the arbitrator believed there to be just cause for disciplinary measures to be imposed. It appears, therefore, that the arbitrator substituted his judgment of what the proper disciplinary action should be for that of the director of the Department of Corrections. We recognize that G.L.1956 § 28–29–1 empowers an arbitrator to modify a penalty imposed by an employer unless the parties agree in writing that the arbitrator shall have no such authority. This statute must be harmonized with those provisions set forth in § 42–56–10, which outlines the powers of the director of the Department of Corrections, in light of the director's nondelegable authority to maintain security, safety, and order at all state correctional facilities. Section 42–56–10(2). It long has been a canon of construction that no statute should be interpreted in such a manner that would reach a result not intended by the Legislature. *Kaya v. Partington*, 681 A.2d 256, 261 (R.I. 1996). We believe that the Legislature did not intend the director under a CBA to abdicate the disciplinary function to an arbitrator in light of the awesome responsibility that is imposed upon the director.

■ Under the circumstances, we conclude that the trial justice correctly determined that "the director alone must decide

whether or not convicted criminals, who have been incarcerated for their crimes, can serve as correctional officers." *See also Bunch v. Board of Review of the Department of Employment and Training,* 690 A.2d 335, 337–38 (R.I.1997). The Legislature could not have intended to make the paramount disciplinary function of the director subject to the caprice of an arbitrator. In the circumstances of this case, we conclude that the arbitrator's decision was not only erroneous but irrational. The authority of the director to direct the employees in the performance of their official duties may be compromised by requiring the director to reinstate Riel to the position of correctional officer, after she has been convicted and incarcerated for a crime and concealed these facts from the department.

For the reasons stated, the defendant's appeal is denied and the judgment of the Superior Court is affirmed.